IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JHMAD KHAALIS SWINDELL, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | §   Civil Action No. 3:12-CV-2607-O (BF) |
| | § |
| CPL. JESSE LYNN WOODS, et al., | § |
| | § |
| Defendants. | § |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b), the District Court referred this case to United States Magistrate Judge Paul D. Stickney for pretrial management. Before the Court is Defendant Sergeant Jason Monroe Webb's ("Webb") Motion to Dismiss Under Rule 12(b)(6) and Brief in Support (doc. 35, "Motion to Dismiss"). Plaintiff Jhmad Khaalis Swindell ("Plaintiff") filed an untimely response to the Motion to Dismiss, which this Court will consider in these findings, and Webb, in turn, filed his reply. For the following reasons, this Court recommends that the District Court **GRANT** Webb's Motion to Dismiss.

### Background

Plaintiff, a state prisoner, is proceeding *pro se* and filed his Complaint (doc. 3) pursuant to 42 U.S.C. § 1983 against various defendants on July 31, 2012. In his Complaint, Plaintiff alleges that some of the defendant police officers used excessive force in his arrest, falsified the police report and arrest affidavit, and maliciously prosecuted him. (Pl.'s Compl. at 3.) However, his only allegation against Webb is that he "failed to intervene when he was present while Plaintiff was assaulted." (*Id.*)

Plaintiff's allegations stem from his arrest on July 25, 2010, by Corporal Jesse Lynn Woods ("Woods") of the Dallas Police Department for Driving While Intoxicated/Open Container. (Br. to

Pl.'s Compl. at 3.) After his arrest, Woods escorted Plaintiff to the Dallas Police Department for booking and while Plaintiff was waiting in line to be booked, he overheard Woods talking about him to another police officer. (*Id.*) Specifically, Plaintiff avers that he heard Woods call him a "black bastard" and, thus, this caused Plaintiff to respond to Woods by cursing at him and calling him a racist. (*Id.*) Several police officers then began to circle around Plaintiff and Plaintiff claims that he was then assaulted by Woods, Officer Crocker, and eight other unknown defendant police officers. (*Id.* at 3-4.) Plaintiff alleges that this assault constituted excessive use of force and that it was captured on videotape. (*Id.* at 4.) Plaintiff's injuries included a busted lip, a busted nose, and a black eye. (Pl.'s Compl. at 4.) Plaintiff claims that Webb, an employee of the Dallas County Sheriff's Department, was present in the booking area when the alleged assault occurred, however, he did not participate in the assault. (*Id.* at 3.) Plaintiff additionally brings abuse of process and malicious prosecution claims against Woods and Sergeant Swindell for filing a false police report and arrest affidavit claiming that Plaintiff assaulted Woods. (*Id.;* Br. to Pl.'s Compl. at 2-3.) This assault charge against Plaintiff was later dismissed.

## **Standard of Review**

While the court is to liberally construe the pleadings of *pro se* litigants, *pro se* parties are not exempt from complying with court rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). FED. R. CIV. P. 8(a)(2) provides that "[a] pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." According to the United States Supreme Court, Rule 8(a)(2) requires a pleading to have "facial plausibility." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court must be able to draw the reasonable inference from

the pleading that the defendant is liable for the misconduct alleged. *Id*. (citing *Twombly*, 550 U.S. at 556). A defendant may seek a Rule 12(b)(6) dismissal if a pleading fails to establish facial plausibility. *See* FED. R. CIV. P. 12(b)(6); *id*. at n.3.

Although a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action is not sufficient. *Twombly*, 550 U.S. at 555. Factual allegations must be sufficient to raise a right to relief above the speculative level. *Id.* at 555-56. Moreover, a court must assume that all of the factual allegations in the complaint are true, even if doubtful in fact. *Id.*

In deciding a motion to dismiss, the court does not evaluate a plaintiff's likelihood of success; the court only determines whether a plaintiff has stated a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). A court generally cannot look beyond the pleadings when resolving a Rule 12(b)(6) controversy. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

### **Analysis**

In his Motion to Dismiss, Webb alleges that Plaintiff failed to exhaust his administrative remedies and, thus, he has failed to state a claim upon which relief can be granted. (Mot. to Dismiss at 2.) Plaintiff brought this civil rights action pursuant to 42 U.S.C. § 1983. In order to bring a § 1983 claim with respect to prison conditions, the Prison Litigation Reform Act ("PLRA") requires a prisoner to first exhaust all available administrative remedies. 42 U.S.C. § 1997e(a).

In his Complaint, Plaintiff lists his address as: TDCJ Telford Unit, 3899 State Highway 98

South, New Boston, TX 75570. (Pl.'s Compl. at 3.) He also answered that he was presently confined in the Telford Unit. (*Id.*) Therefore, it is undisputed that Plaintiff was a prisoner at the time he filed this lawsuit and, accordingly, is subject to the PLRA. *See Duvall v. Dallas Cnty.*, No. 3:05-CV-2431-B, 2006 WL 3487024, at *2-3 (N.D. Tex. Dec. 1, 2006) (finding that the plaintiff was subject to § 1997e(a)'s exhaustion requirement so long as he was incarcerated on the date he filed the suit). In his response to Webb's Motion to Dismiss, Plaintiff argues that the PLRA is not applicable to federal prisoners or pre-trial detainees. (Pl.'s Resp. at 4.) However, in support of his argument, Plaintiff relies on *McCarthy v. Madigan,* 503 U.S. 140 (1992), which has now been superseded by the PLRA. *See Woodford v. Ngo,* 548 U.S. 81, 84-85 (2006) (explaining how the PLRA has strengthened the prior exhaustion provision, found in the Civil Rights of Institutionalized Persons Act and considered by the Supreme Court in *McCarthy).*

Exhaustion of remedies is a mandatory requirement if a prisoner wants to bring a suit challenging his prison conditions. *Id.* at 85. Plaintiff's claim alleging excessive use of force challenges his prison conditions for purposes of the PLRA and, thus, is subject to the exhaustion requirement. *See Porter v. Nussle,* 534 U.S. 516, 532 (2002) ("[W]e hold that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."). Nonetheless, it is apparent from the face of Plaintiff's Complaint that he failed to exhaust his administrative remedies before filing this action. (*See* Pl.'s Compl. at 3) (in response to the question of whether Plaintiff exhausted both steps of the grievance procedure in the institution where he is confined, Plaintiff answered "no"). Additionally, in his response, Plaintiff concedes that he failed to exhaust his administrative remedies and explains that he was told by multiple employees at the Dallas

4

County Jail "that he could not file a jail grievance against the County jail because the assault was done by the City police." (Pl.'s Resp. at 3.) This may be an accurate statement as to the other defendants, but Webb is employed by the Dallas County Sheriff's Department and, thus, a complaint against him for failure to intervene in the assault would have to be made with the Dallas County Jail. *See Burnett v. Robertson*, No. 3:01-CV-1284-P, 2001 WL 1577495, at *1-2 (N.D. Tex. Dec. 7, 2001) (explaining that the Dallas County Jail has a two-step grievance procedure which the plaintiff must follow before filing suit against any employees of the Dallas County Jail). Furthermore, to the extent Plaintiff attempts to use this statement as an excuse for his failure to exhaust, district courts no longer have the discretion to excuse a plaintiff's failure to exhaust; exhaustion is mandatory and unexhausted claims cannot be brought in court. *See Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012) (reversing and remanding case back to district court with instructions to dismiss because district court did not have discretion to allow claims to proceed without prior exhaustion by plaintiff); *Jones v. Bock*, 549 U.S. 199, 219-20 (2007) ("All agree that no unexhausted claim may be considered."); *Woodford,* 548 U.S. at 85 ("Exhaustion is no longer left to the discretion of the district court, but is mandatory.").

Plaintiff contends that he made every available effort to exhaust because he filed his grievance on a "medical sick call form," he filed formal written complaints to the Dallas County District Attorney and the Dallas County Commissioner, and his family made phone calls to the Dallas County Jail. (Pl.'s Resp. at 3.) However, Plaintiff did not follow the jail's two-step grievance procedure and, thus, his claims must be dismissed. *See Woodford,* 548 U.S. at 93 (holding that the PLRA exhaustion provision requires *proper* exhaustion, thus, an untimely or otherwise procedurally defective grievance or appeal does not meet the PLRA requirement); *Jones,* 549 U.S. at 200-01 (a

5

prisoner must properly exhaust the "applicable procedural rules" as defined by the prison grievance process).

The Court finds that the face of Plaintiff's Complaint reveals that he failed to meet the PLRA's mandatory and absolute exhaustion requirement. Accordingly, his claims against Webb should be dismissed for failure to state a claim upon which relief can be granted. *See Jones,* 549 U.S. at 214-15 (failure to exhaust is an affirmative defense which may be raised in a motion to dismiss for failure to state a claim if the lack of exhaustion is apparent from the face of the plaintiff's complaint); *see also Conklin v. Dir. TDCJ-CID*, No. 6:11CV450, 2012 WL 3637454, at *6-7 (E.D. Tex. July 27, 2012), *rec. adopted*, 2012 WL 3637025 (E.D. Tex. Aug. 21, 2012), *dismissed,* 519 Fed. Appx. 322 (5th Cir. 2013) (granting defendants' motion to dismiss for failure to state a claim where face of plaintiff's complaint demonstrated lack of exhaustion because plaintiff admitted that he did not exhaust his administrative remedies and responded that he was currently incarcerated). Additionally, Plaintiff's request, in his response to the Motion to Dismiss, to amend his complaint should be denied, as the defect in Plaintiff's Complaint, failure to exhaust, is incurable at this time. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable . . . ."); *see also Jones v. Jordan*, No. 2:04-CV-0096, 2004 WL 2421606, at *5 (N.D. Tex. Oct. 29, 2004) (denying plaintiff leave to amend because it was clear that he failed to exhaust his administrative remedies and, thus, any amendment would be futile). Finally, Plaintiff's requests, in his response, for sanctions and a contempt order to be entered against Webb for filing a frivolous motion should be denied, as such requests lack merit.

prisoner must properly exhaust the "applicable procedural rules" as defined by the prison grievance process).

The Court finds that the face of Plaintiff's Complaint reveals that he failed to meet the PLRA's mandatory and absolute exhaustion requirement. Accordingly, his claims against Webb should be dismissed for failure to state a claim upon which relief can be granted. *See Jones,* 549 U.S. at 214-15 (failure to exhaust is an affirmative defense which may be raised in a motion to dismiss for failure to state a claim if the lack of exhaustion is apparent from the face of the plaintiff's complaint); *see also Conklin v. Dir. TDCJ-CID*, No. 6:11CV450, 2012 WL 3637454, at *6-7 (E.D. Tex. July 27, 2012), *rec. adopted*, 2012 WL 3637025 (E.D. Tex. Aug. 21, 2012), *dismissed,* 519 Fed. Appx. 322 (5th Cir. 2013) (granting defendants' motion to dismiss for failure to state a claim where face of plaintiff's complaint demonstrated lack of exhaustion because plaintiff admitted that he did not exhaust his administrative remedies and responded that he was currently incarcerated). Additionally, Plaintiff's request, in his response to the Motion to Dismiss, to amend his complaint should be denied, as the defect in Plaintiff's Complaint, failure to exhaust, is incurable at this time. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable . . . ."); *see also Jones v. Jordan*, No. 2:04-CV-0096, 2004 WL 2421606, at *5 (N.D. Tex. Oct. 29, 2004) (denying plaintiff leave to amend because it was clear that he failed to exhaust his administrative remedies and, thus, any amendment would be futile). Finally, Plaintiff's requests, in his response, for sanctions and a contempt order to be entered against Webb for filing a frivolous motion should be denied, as such requests lack merit.

**Recommendation**

For the foregoing reasons, this Court recommends that the District Court **GRANT** Webb's Motion to Dismiss (doc. 35) and dismiss Plaintiff's claims against Webb without prejudice. Additionally, the Court recommends denying Plaintiff's requests to amend his Complaint and for sanctions and a contempt order against Webb.

**SO RECOMMENDED**, January 27, 2014.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).